JOURNAL ENTRY and OPINION
{¶ 1} In these consolidated cases, defendant-appellant Thomas Hunt appeals from the trial court orders that determined he is a sexual predator and that sentenced him to a total term in prison of thirty-two years after appellant entered guilty pleas to several charges contained in three separate indictments.
 {¶ 2} Appellant argues the trial court failed to make the necessary statutory findings prior to imposing all of the sentences. Appellant also argues the trial court had inadequate evidence upon which to base a finding he is a sexual predator. Following a review of the record, this court finds appellant's arguments lack merit. Consequently, the trial court's orders are affirmed.
 {¶ 3} Appellant initially was indicted in February 2001 in case number CR-403731. The indictment charged appellant with committing three offenses on January 20, 2001 against his wife of nearly twenty years, viz., felonious assault, rape, and kidnapping. The first and third counts contained two firearm specifications and a sexual motivation specification; the second count contained two firearm specifications. After his arraignment in March 2001, appellant secured his release on bond.
 {¶ 4} His case proceeded slowly. The record reflects appellant signed waivers of his right to speedy trial on four occasions over the ensuing months. Finally, his case was set for trial on January 16, 2002, but on that day appellant elected to have the case tried to the bench. Upon his execution of a waiver of his right to jury trial, the trial court scheduled trial for January 22, 2002.
 {¶ 5} On the scheduled date of trial, appellant entered into a plea agreement. In exchange for the state's amendment of the first count to delete all three specifications, and dismissal of the kidnapping charge, appellant would enter guilty pleas to felonious assault and the remaining charge of rape with firearm specifications. The trial court held a careful colloquy with appellant before accepting his pleas. During this exchange, appellant indicated he understood the trial court would assess at the time of his sentencing hearing "what level of sexual offender" he was. The trial court found appellant guilty, then referred him to the probation department for a presentence investigation and report. Appellant's sentencing hearing was scheduled for March 27, 2002.
 {¶ 6} During the presentence process, however, in early February, 2002, appellant was indicted in the two new cases. In CR-419361, appellant was indicted on eighteen counts of rape, all relating to the same twelve-year-old female victim, and all alleged to have been committed during the time period between July 1 and the end of October 2001.
 {¶ 7} Additionally, in CR-419362, appellant was indicted on one count of kidnapping that same child victim, and a second count of interfering with that child's elder sister's legal custody. These last two offenses were alleged both to have occurred on January 17, 2002, the day after appellant had signed his jury waiver in the first case.
 {¶ 8} On March 6, 2002, appellant entered into another plea agreement that covered both of the new cases. In exchange for the state's dismissal of sixteen of the rape charges in CR-419361, and the second count in CR-419362, appellant entered pleas of guilty to two counts of rape of a minor, and one count of kidnapping. The trial court assured itself appellant's pleas were knowingly, voluntarily and intelligently made before accepting them and finding him guilty. It rescheduled the original sentencing date in order that appellant's cases could be considered together.
 {¶ 9} Appellant's sentencing hearing took place on April 9, 2002. The trial court first listed for the record the documents that had been submitted for its consideration, then proceeded to its determination of appellant's status as a sexual offender. The state offered into evidence the presentence reports.[1]
 {¶ 10} The investigation into appellant's actions indicated a disturbing series of events. Appellant's abuse of his wife on the night of January 20, 2001, which was not the first occasion of violence in the twenty-year common-law marriage, had been "extreme." Appellant admitted he had been drinking and taking a drug for the purpose of enhancing his sexual aggression. During the episode, appellant's wife had been prevented from escaping the premises, struck repeatedly with a "stick" on her arms, legs, and back, and her hair had been hacked from areas of her scalp. Appellant's wife had sustained several skin and scalp lacerations along with numerous bruises. She also had been raped with the barrel of a loaded gun while being taunted that the weapon might "go off."
 {¶ 11} The investigation further revealed that while the foregoing case was pending in the trial court, appellant had moved into the household of a female acquaintance, and had cultivated a relationship with the woman's twelve-year-old daughter. This relationship became sexual in nature and resulted in the child's pregnancy. Moreover, the child victim had been manipulated into believing she was "in love with" appellant, in spite of his thirty years seniority. Thus, she had been willing to flee with him after appellant's trial had been postponed, and had convinced her sixteen-year-old sister to accompany them into hiding.
 {¶ 12} The trial court considered on the record the factors set forth in R.C. 2950.09 prior to declaring appellant to be a sexual predator. Sentencing thereupon proceeded.
 {¶ 13} The trial court heard the arguments of counsel, accepted into evidence photographs taken of appellant's wife's injuries, and listened to statements made by the child victim's mother, appellant's seventeen-year-old son, and appellant himself. In pronouncing sentence, the trial court indicated the documents that had been consulted, and considered each statutory sentencing factor as it applied to appellant's three cases. The trial court then stated in pertinent part as follows:
 {¶ 14} "Due to the nature of the crimes and their proximity in time, the Court finds that the shortest prison term will both demean the seriousness of the offense and not adequately protect the public.
 {¶ 15} "With regard to the use of [the] gun in 403731[,] that mandates that * * * be consecutive to the base crime of the rape charge, the Court further finds that consecutive terms are appropriate to protect the public from future crimes and the sentences are not disproportionate to the seriousness of the defendant's conduct.
 {¶ 16} "For example, the Court finds that under CR-419361 and 419362, both occurred while the defendant was on bond in case number 403731.
 {¶ 17} The Court further finds that the harm caused, specifically, the impregnation of the twelve-year-old victim is so great that no single prison term reflects the seriousness of the defendant's conduct, and * * * similarly, the removal of the children from the foster home shows disregard for Court orders, and so great that no single prison term can adequately reflect the seriousness of defendant's conduct."
 {¶ 18} In CR-403731, the trial court pronounced consecutive terms of five years for the felonious assault, three years on the gun specification, and eight years for the rape. As to CR-419361, the trial court remarked it was sentencing similarly, on both counts, nine years each, "although the Court is tempted to go right to the maximum because I can't imagine a nastier bit of work than this," viz., raping and impregnating a twelve-year-old. Appellant also received a sentence of seven years in CR-419362 for kidnapping the child victim. The terms in each case were ordered to be served consecutively to each other, with those imposed in CR-419361 ordered to be served concurrently to each other, for a total term of thirty-two years of incarceration.
 {¶ 19} Appellant's timely appeal of the trial court's orders cites three assignments of error for review. The first two are related; they state:
 {¶ 20} "The trial court erred in ordering consecutive sentences which were not supported by the record.
 {¶ 21} The trial court erred in imposing sentences which are inconsistent with similar sentences for similar offenders as required in R.C. 2929.11(B)."
 {¶ 22} Although appellant did not receive the maximum terms for his convictions, he argues his sentences should be vacated for the trial court's failure to comply with both R.C. 2929.14(E) and R.C. 2929.11(B). The first statute sets forth the findings necessary in order to impose any sentences for multiple offenses consecutively. The second reminds the trial court the sentence should be "consistent with sentences imposed for similar crimes committed by similar offenders." This court concludes the comments by the trial court in this case, when placed in context, adequately met the foregoing requirements.
 {¶ 23} As the transcript of appellant's sentencing hearing demonstrates, the trial court considered all three cases at the same time, and decided to impose most of the terms consecutively because: 1) they were necessary to protect the public; 2) they were warranted by appellant's outrageous conduct; and, 3) the harm caused to the victims was so great as to justify multiple prison terms in order to reflect the seriousness of appellant's conduct in committing all of the offenses.
 {¶ 24} Moreover, the trial court additionally stated its underlying reasons for its decision by describing what it considered the most salient features of the sequence of events. Appellant viciously attacked his wife, then, upon being released on bond after his indictment, proceeded over a lengthy period of time to manipulate the justice system; appellant used that time to take sexual advantage of an impressionable child to the point of impregnating her. When an additional indictment loomed for this behavior, appellant induced both his child victim and her sister to abscond from their residence in order to go into hiding with him, leading to still a third indictment. The trial court's comments thus fulfilled its R.C. 2929.14(E) obligations. State v.Rodeback, Cuyahoga App. No. 80151, 2002-Ohio-2739; State v. Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
 {¶ 25} Appellant challenges the "proportionality" of his sentences in his second assignment of error, contending the trial court failed to consider pursuant to R.C. 2929.11(B) whether the total sentence of thirty-two years was consistent with those imposed for similar crimes committed by similar offenders. Appellant's challenge is rejected.
 {¶ 26} R.C. 2929.11(B) does not require the trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments. Rather, the statute indicates the trial court's comments made at the hearing should reflect the court considered that aspect of the statutory purpose in fashioning the appropriate sentence. State v. Edmonson, 86 Ohio St.3d 324
at 326-327, 1999-Ohio-110. This court's review is limited to a determination of whether the sentence is contrary to law. State v.Haamid (June 28, 2001), Cuyahoga App. Nos. 78220, 78221.
 {¶ 27} Appellant directs this court's attention to nothing in the record that supports a conclusion the trial court failed to engage in the analysis. Indeed, the trial court's comments in this case demonstrate it believed appellant's conduct to be particularly egregious. After having been indicted on three serious felony charges, appellant thereafter proceeded to engage in still more morally-reprehensible behavior. Nevertheless, the trial court did not impose the maximum terms for appellant's convictions, but in order to demonstrate "caution," ordered most of the terms to be served consecutively.
 {¶ 28} Moreover, the trial court's total order of sentence in this case is proportionate to others reviewed by this court in similar cases; therefore, it will not be disturbed. State v. Bolton, supra; State v.Wellman (May 18, 2000), Cuyahoga App. No. 76219; State v. Murphy (July 30, 1998), Cuyahoga App. No. 71775.
 {¶ 29} Accordingly, appellant's first two assignments of error are overruled.
 {¶ 30} Appellant's third assignment of error states:
 {¶ 31} "The evidence is insufficient, as a matter of law, to prove by `clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 32} Appellant argues the trial court's classification of him as a sexual predator lacks foundation in the evidence presented. He contends the evidence was inadequate to establish the likelihood of his future criminal sexual conduct. Based upon the record, appellant's argument is unpersuasive.
 {¶ 33} R.C. 2950.09(B)(2) provides the factors a trial court is to consider in making a classification determination. Many of the listed factors involve conviction data that may be found in the court's file, but the list is not designed to be exclusive; the court must "considerall relevant factors." State v. Eppinger, 91 Ohio St.3d 158 at 164, 2001-Ohio-247. (Emphasis added.)
 {¶ 34} Neither of the parties in this case elected to present to the court any psychological assessments, thus, the trial court had to rely upon the documents contained in the file[2] and its observations of appellant's behavioral pattern.
 {¶ 35} The record indicated appellant had a violent, tempestuous relationship with his wife over many years; his attempts to control her eventually precipitated a particularly heinous episode. According to the police reports of the incident, appellant restrained his wife's liberty, beat her severely, and then raped her with the barrel of a loaded gun. The incident led to appellant's indictment on three felony charges.
 {¶ 36} While that case was pending, appellant chose a twelve-year-old girl for a sexual partner, apparently since she was much easier to manipulate. This girl became pregnant with his child. Appellant's criminal influence extended not only over her, but also over her sixteen-year-old sister: he induced both girls to abscond from their legal residence in order to accompany him to a place where the three of them could be alone together.
 {¶ 37} Later, when confronted about his conduct, appellant blamed his anger that eventually led to his assault on his wife on her actions in having obtained "abortions" without his permission; further, appellant justified his relationship with the twelve-year-old on his belief she had initiated it.
 {¶ 38} On this record, the trial court found an escalating pattern of criminal sexual behavior. This court cannot find the trial court's determination of appellant's status to be unsupported by the weight of the evidence. State v. Cook, 83 Ohio St.3d 404; 1998-Ohio-291; State v.Malinowski (Sept. 6, 2001), Cuyahoga App. No. 78626; State v. Wellman,
supra.
 {¶ 39} Accordingly, appellant's third assignment of error also is overruled.
 {¶ 40} The trial court's orders are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] Only one of these has been produced for inclusion in the appellate record.
[2] Although the record reflects the trial court accepted into evidence photographs taken of appellant's wife after the attack, they were not included in the appellate record.